Bowen, J.
The plaintiff in error complains of the judgment off the district court in two particulars:
1. Because that the court reversed in part, and affirmed in part, the decision of the probate judge. This, it is well settled, may be-done. 11 Ohio, 68. There was nothing erroneous in that order.
2. The plaintiff insists that it was error in the probate court to-take original jurisdiction of the offense. This point has, likewise, «undergone judicial determination, and has been ruled adversely to the state, and favorably to the plaintiff. Gates et al. v. The State, 3 Ohio St. 293; Miller v. The State, 2 Ib. 476; Aultfather v. The State, 4 Ohio St. 467.
The record of the probate judge should show, upon the face of it, that the proceedings were instituted before the proper officer, who is empowered to recognize offenders, as provided by law. The transcript of the justice confers no aid to the record of the probate court. It is not attached to it, nor does it form any part of it. The judgment of the district court, in this particular, was-erroneous. It improperly sustained the original jurisdiction of the: probate judge over the offense.
*98 The judgment is reversed, and cause remanded to the court of •common pleas of Richland county.
Bartley, C. J., and Swan, Brinkerhoee, and Scott, JJ., concurred.